Ruffin, Chief Justice,
 

 having stated1 the case as above, proceeded: — When the case was first presented, it occurred to us, that the defendant could avail himself of the satisfaction appearing of record, upon the plea of
 
 nu'l tiel record;
 
 as the
 
 scire facias,
 
 after stating the judgment, as by the record and proceedings thereoa remaining, &c. appears,” avers further, that “ said judgment still remains in full foree and effect, not reversed, satisfied or vacated.” But upon looking slightly into the books we find, it is not certain that the
 
 scire facias
 
 should contain this latter allegation. Com. Dig. Pleader, 2 W. 12; 1 Saund. 330, n. 4. And perhaps it is most proper, that the matter of discharge should be brought forward by direct averments on the part of the defendant. We have not thought it worth while to satisfy ourselves how the point is, because upon the pleadings as they now stand, the Court is of opinion that the judgment must be reversed, because the judgment is in law satisfied of record.
 

 If the plaintiff had acknowledged satisfaction of record, the judgment would be thereby discharged. This is the same thing. Writs of execution when returned are, together with the returns, part of the record in this state.
 
 Pigot
 
 v.
 
 Davis,
 
 3 Hawks, 25. The return of satisfaction by the sheriff, it was said in
 
 Governor
 
 v.
 
 Twitty,
 
 1 Dev.
 
 *389
 
 Rep. 153, is conclusive; and while it stands, the plaintiff has no remedy against the defendant. The agreement of a sheriff, to return an execution satisfied, without receiving the money, does not bind the plaintiff. But his return that he has levied the money does; for after that, no other execution can issue until there is a further adjudication by the Court. Such adjudication cannot be given incidentally, in any other or the same Court, when a party is proceeding on the record; for it is conclusive of all things appearing in its present form, and cannot be explained or impeached collaterally upon evidence. The only manner in which the plaintiffcould get clear of it, is by a motion to amend the return of the coroner; which would be heard like a motion to vacate an acknowledgment of satisfaction of record by the party. Either, upon a proper case, may be allowed; though it is scarcely conceivable that in such a case as this, it would be against a surety and the coroner, where the creditor made a new contract with the principal debtor, and upon the strength of it, directed, in his own person, the return that was made. We have doubted whether all the facts taken together, did not amount to evidence of payment as first pleaded. But as the case is now made, the evidence of the coroner was improper; and we are clear that as stated in the defendant’s plea, the judgment' is satisfied, as by the record now remaining, &c. fully appears.
 

 The judgment of the Superior Court must, therefore, be reversed, and the cause remanded for further proceedings ■in that Court.
 

 PeR Ctjeiam. Judgment reversed.